UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
PAUL SCHMIDT, M.D.,

                Plaintiff,

     -against-

ALICJA STONE *et al.*,

                Defendants.
----------------------------------------------------------- X

**MEMORANDUM AND ORDER**
14 CV 2519 (RJD) (CLP)

**POLLAK**, United States Magistrate Judge:

     On April 21, 2014, plaintiffs Paul Schmidt, M.D. ("plaintiff" or "Schmidt") and Astoria Medical, P.C. ("Astoria Medical") filed this action against defendants Alicja Stone, a/k/a Alicja Stone Joszwiak ("defendant" or "Stone"), Magdalena Rusinowski ("Rusinowski"), and Newtown Avenue Management, Inc. ("Newtown"), bringing various claims relating to an alleged scheme by Stone to transfer and convert for her own personal benefit the corporate assets of Astoria Medical, a medical professional corporation, during the period of time that Schmidt was associated with Astoria Medical.

     Currently pending before this Court is plaintiff's motion for sanctions against Ms. Rusinowski based upon her alleged misconduct during her nonparty deposition held on September 5, 2018. For the reasons set forth below, the Court denies the request for sanctions.

     Also pending before this Court is a separate letter motion filed by plaintiff on April 26, 2019, seeking an order imposing sanctions on defendant Stone and her counsel for allegedly making false statements to the Court and counsel in connection with a settlement conference held on March 28, 2019. For the reasons set forth below, the Court denies this request as well.

## PROCEDURAL BACKGROUND

     Following the filing of the Complaint on April 21, 2014, defendants indicated an

intention to move to dismiss for lack of complete diversity. In response, plaintiff Schmidt filed a First Amended Complaint on June 6, 2014, dropping Astoria Medical as a plaintiff and adding several claims. By Memorandum and Order dated November 21, 2014 (the "Order"), the Honorable Raymond J. Dearie dismissed all of the claims against defendants Rusinowski and Newtown, and a number of claims brought against Stone, leaving Stone as the only remaining defendant in the case.

On May 25, 2017, plaintiff filed a motion for leave to file a Second Amended Complaint, in which he sought to bring new claims against Newtown and an aiding and abetting claim against Rusinowski. On January 29, 2018, this Court recommended that plaintiff's motion to amend be denied on grounds of futility in that many of the claims had been previously rejected by the district court and were barred by the law of the case doctrine, and because there had been a three year delay in plaintiff seeking to add these claims, causing potential prejudice to both the existing defendants and the new defendant. The district court adopted the Report on March 16, 2018.

During the course of discovery, plaintiff conducted the deposition of Ms. Rusinowski, the daughter of defendant Stone. The first deposition was held on November 30, 2016, when Ms. Rusinowski was no longer a defendant but was represented at the deposition by defendant's counsel. After five hours, the deposition was adjourned and not reconvened until September 5, 2018, at which time defendant's attorneys had withdrawn from further representing Ms. Rusinowski, resulting in her appearing *pro se* for the deposition.

During the September 2018 deposition, plaintiff's counsel posed a series of questions to the non-party witness relating to her and her husband's then current employment, business affiliations, assets, and income, which the witness repeatedly objected to answering on the

grounds of relevance. (See Pl.'s Jan. 29 Ltr,[1] Ex. 1). Counsel for plaintiff explained to the witness that:

> Under the statute that this case is being litigated, the plaintiff, if successful, is able to trace assets from the funds diverted by the officer of the corporation. And in tracing those assets, the person, the plaintiff, if successful, can get those assets back. So, for instance, if your mother diverted assets from the corporation and in some way benefitted you with them by paying for things, or loaning things, or whatever. We have the right to find that out. . . . [t]hat is why I am asking you these questions.

(Id., Ex. 1 at 211-212).

The witness, who is not a lawyer and was not represented by counsel at the deposition, stated that based on this explanation, she would only answer questions about the time period covered by the case – 2001 to 2014 – but that she would not answer questions about her current employment or current income. (Id., Ex. 1 at 212). Throughout the course of the deposition, the witness asserted this position but answered plaintiff's counsel's other questions regarding financial dealings prior to 2014.

On October 16, 2018, plaintiff's counsel sought a protective order pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), demanding that the witness answer counsel's specific questions and seeking sanctions against defendant's counsel for "needlessly interfering and obstructing the deposition" of Ms. Rusinowski. (Pl.'s Jan. 29 Ltr at 2). The Court directed Ms. Rusinowski to appear in this Court on November 9, 2018, at which time the Court directed her to answer counsel's questions. The deposition was completed at that time.

On January 29, 2019, plaintiff's counsel filed this letter motion seeking $8,200.00 in

---

[1] Citations to "Pl.'s Jan. 29 Ltr" refer to plaintiff's letter motion dated January 29, 2019, ECF No. 79.

attorney's fees,[2] and $585 in costs incurred as a result of the November 9, 2018 deposition. (Id. at 3-4).

DISCUSSION

A. Plaintiff's Motion for Sanctions Relating to the Rusinowski Deposition

Plaintiff seeks sanctions against Ms. Rusinowski for refusing to answer broad categories of questions and "setting an arbitrary time limit for inquiries." (Id. at 5). Plaintiff argues that Ms. Rusinowski's conduct "impeded and frustrated her deposition that inexcusably caused the fees and costs requested in this motion." (Id.)

In response to the motion, Ms. Rusinowski submitted a letter to the Court indicating that each time she has been asked to appear for a deposition, she appeared and answered questions "truthfully to the best of my recollection at the time . . . ." (Rusinowski Ltr[3] at 1). She explained that "based on relevance," she did not believe she was required to answer questions about her husband's income or professional involvement that had nothing to do with her mother and the issues related to Astoria Medical and Newtown. (Id.) Although she clearly stated her position to

---

[2] Counsel calculates that he spent a total of 20 hours preparing for and taking the deposition of Ms. Rusinowski, including 3 hours for his application for relief that resulted in the November 2018 deposition, 10 hours for preparing the instant motion and serving it, 1.5 hours to prepare the subpoena and serve it, and 6 hours of travel, all of which he proposes to charge at the rate of $400 per hour, for a total of $8,200.00. (Declaration of Paul T. Gentile ("Gentile Decl."), Ex. 7 to Pl.'s Jan. 29 Ltr). The Court notes that, while generally speaking, travel time in this district is awarded at half of counsel's hourly rate, here plaintiff's counsel seeks reimbursement of travel time at his full rate of $400, amounting to a total of $2,400. If the Court were to find counsel entitled to fees, this amount would be reduced by half. See, e.g., Martinez v. City of New York, 330 F.R.D. 60, 71 (E.D.N.Y. 2019); Duke v. County of Nassau, 97 CV 1495, 2003 WL 23315463 (E.D.N.Y. Apr. 14, 2003) (finding that "it is inappropriate to compensate attorneys at their full rate for time spent traveling" and compensating travel time at "fifty percent of the attorney's general billing rate"). Moreover, although counsel has filed a Declaration attesting that the number of hours sought are accurate, he has not included contemporaneous billing records to support the number of hours requested as required. (See id.).

[3] Citations to "Rusinowski Ltr" refer to the letter submitted by Magdalena Rusinowski, dated February 21, 2019, ECF No. 81.

4

plaintiff's counsel, he continued to ask her questions about the period after 2014, which she believed to be irrelevant, wasting everyone's time. (Id. at 1-2). Once the Court directed her to appear and respond, she did so, and she prepared beforehand so she could answer questions about her husband's business, their assets and mortgage records. (Id. at 2).

Ms. Rusinowski further explained that she terminated the representation of defendant's counsel at plaintiff's counsel's suggestion that there was a conflict of interest in having defendant's counsel continue to represent Ms. Rusinowski. (Id.) Thus, she had no counsel at the deposition and did not want to incur the expense of retaining a new law firm just to appear as a nonparty witness for the deposition. (Id.) She claims that because she had no legal representation, she failed to follow the proper procedure in refusing to answer counsel's questions, which she describes as asked in an "often-harassing tone," but that she was not acting in bad faith. (Id.)

Counsel for defendant Stone has also provided the Court with an Affirmation opposing plaintiff's motion for fees and costs. (Ó Murchadha Aff.[4]). In his Affirmation, Mr. Ó Murchadha, who was present at the deposition of Ms. Rusinowski, contends that plaintiff has failed to demonstrate that Ms. Rusinowski was acting in bad faith. (Id. ¶ 5). Instead, he argues that the witness was answering questions based on "her own sense of what was a proper question," not on the advice of counsel, and that she "reasonably believed that Plaintiff's counsel was asking improper, harassing questions to support a claim that had already been rejected by this Court twice." (Id. ¶ 10). Counsel points out that "[i]f Ms. Rusinowski had known to call the Court, she could have obtained a ruling that she need not answer the questions, or at the very

---

[4] Citations to "Ó Murchadha Aff." refer to the Affirmation of Niall D. Ó Murchadha in Opposition to Plaintiff's Motion for Fees and Costs, dated February 20, 2019, ECF No. 80.

5

least she could have received guidance from the Court as to which questions she was required to answer."

Defendant's counsel further argues that a motion for sanctions against a nonparty witness such as Ms. Rusinowski for conduct related to a deposition should be governed by Rule 45 of the Federal Rules of Civil Procedure; Rule 37 does not apply. (Ó Murchadha Aff. ¶ 4); see Hynes as Trustee of Calling Card Distr. Trust v. Giambalvo, No. 09 CV 2599, 2010 WL 11626956, at *1 (E.D.N.Y. Aug. 13, 2010) (denying motion for sanctions against a nonparty deponent for fees and costs associated with a deposition that he failed to attend, noting that because he was a "non-party witness, Rule 45 applied, not Rule 37"); see also Safeco Ins. Co. of America v. M.E.S., Inc., No. 09 CV 3312, 2016 WL 5477585, at *4 (E.D.N.Y. Sept. 29, 2016) (holding that Federal Rule of Civil Procedure 37 "does not authorize the Court to impose sanctions upon any of the non-parties"); Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994) (denying a motion for Rule 37 sanctions where the nonparty witness failed to appear for a deposition on the basis that "Rule 37 by its terms applies only to a motion to compel production from a *party* . . . .") (emphasis in original).

Rule 45, which governs the procedures to be followed when a nonparty witness is subject to a subpoena, only authorizes the court to hold the nonparty in contempt for misconduct related to a deposition; the Rule does not authorize monetary sanctions. See Hynes as Trustee of Calling Card Distr. Trust v. Giambalvo, 2010 WL 11626956 at *1; Fairfield Fin. Mortg. Group v. Luca, No. 06 CV 5962, 2008 WL 2157123, at *2 (E.D.N.Y. May 20, 2008) (holding that "[u]nder Rule 45, the defendants could be held in contempt for their failure without adequate excuse to obey a subpoena served upon them"); Jayaler v. Stigliano, No. 10 CV 2285, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016).

It is clear under Rule 45 of the Federal Rules of Civil Procedure, that a court issuing a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). Rule 45 grants the Court the power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (citing Diamond v. Simon, No. 89 CV 7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994)). Here, there is no question that Ms. Rusinowski appeared for her deposition in compliance with the subpoena. The question is whether she can be held in contempt for her failure to answer certain questions during the deposition.

The underlying concern behind the court's authority to punish for contempt is "'disobedience to the orders of the [j]udiciary,'" not "'merely the disruption of court proceedings.'" Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (quoting Young v. United States, 481 U.S. 787, 798 (1987)); see also People v. Terry, 45 F.3d 17, 23 (2d Cir. 1995) (noting that the power of contempt is "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting Chambers v. NASCO, Inc., 501 U.S. at 43 (internal quotations omitted)); United States v. D-M Sales Corp., 903 F. Supp. 431, 433 (E.D.N.Y. 1995). Thus, an individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions. See United States v. Petito, 671 F.2d 68, 72 (2d Cir. 1982) (citing Yates v. United States, 355 U.S. 66, 74 (1957)), cert. denied, 459 U.S. 824 (1982). The primary difference between orders of civil and criminal contempt is their purpose. Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's order or to compensate the complaining party for

losses incurred as a result of the contemnor's conduct.  See Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 115 (2d Cir. 1988); In re Grand Jury Witness, 835 F.2d 437, 440-41 (2d Cir. 1987), cert. denied, 485 U.S. 1039 (1988); In re Weiss, 703 F.2d 653, 661 (2d Cir. 1983); New York State Nat'l Org. for Women v. Terry, 697 F. Supp. 1324, 1329 (S.D.N.Y. 1988).

The court also "has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'"  Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1981) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)), cert. denied, 454 U.S. 832 (1981); see also Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 130 (2d Cir. 1979); United States v. D-M Sales Corp., 903 F. Supp. at 433; New York State Nat'l Org. For Women v. Terry, 697 F. Supp. at 1329.

There are three essential elements which must be established before a party can be held in civil contempt:  1) there must be an order that is "clear and unambiguous," Powell v. Ward, 643 F.2d at 931 (citing International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 75-76 (1967)); 2) the proof of non-compliance with that order must be "'clear and convincing,'" id. (quoting NLRB v. Local 282, 428 F.2d 994, 1001-02 (2d Cir. 1970)); and 3) it must be shown that the contemnor has not "'been reasonably diligent and energetic in attempting to accomplish what was ordered.'"  Id. (quoting Aspira of New York, Inc. v. Bd. of Educ., 423 F. Supp. 647, 654 (S.D.N.Y. 1976)).  See also King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (holding that "[a] contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district

court's edict"); United States v. D-M Sales Corp., 903 F. Supp. at 433.[5] The court's order must leave "'no uncertainty in the minds of those to whom it is addressed,'" and one "'must be able to ascertain from the four corners of the order precisely what acts are forbidden.'" King v. Allied Vision, Ltd., 65 F.3d at 1058 (citations omitted).

Thus, in order to hold someone in contempt, there first must be an order issued with which the nonparty failed to comply. Cruz v. Meachum, 159 F.R.D. at 368. Here, the only Order of this Court that Ms. Rusinowski was subjected to was the Order issued by the Court on October 24, 2018, requiring her to appear in this Court and directing her to answer the questions as posed to her by plaintiff's counsel. Once properly advised and directed, Ms. Rusinowski complied without the need for further Court intervention.

Apart from the absence of a court order in this case, the Second Circuit has made it clear that before imposing sanctions under the court's inherent power, the court must find that the party acted in "bad faith." United States v. International Brhd of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991) (requiring "a finding of bad faith for the imposition of sanctions under the inherent power doctrine"). Bad faith "must be shown by (1) clear evidence of (2) harassment or delay or . . . other improper purposes." DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998) (holding that the Magistrate Judge's finding that there had been a "conscious disregard of [] discovery obligations" was "sufficiently concise and based on clear evidence so as to amount to the bad faith required to impose sanctions"); see also Lation v. Fetner Props., Inc., No. 17 CV 3276, 2019 WL 1614691, at * 2 (S.D.N.Y. Apr. 16, 2019)

---

[5] Since the Court is not considering the imposition of criminal contempt, there is no requirement that the Court find willfulness on the part of the contemnor. See Canterbury Belts Ltd. v. Lane Walker Rudkin, Ltd., 869 F.2d 34, 39 (2d Cir. 1989).

9

(holding that "[a]n award of attorney's fees under the Court's inherent power requires a clear demonstration of bad faith in order to justify sanctions").

Given that plaintiff has not demonstrated that Ms. Rusinowski failed to comply with a clear order of this Court, and cannot show that she was acting in bad faith, the Court finds no basis upon which to hold her in contempt.

In his letter motion, plaintiff relies on Rule 30 of the Federal Rules of Civil Procedure in seeking sanctions against nonparty witness Ms. Rusinowski. (See Pl.'s Jan. 29 Ltr at 6). Rule 30(d)(2) states that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). To award sanctions under Rule 30(d)(2), the court must find the movant met his burden "of showing that the deposition was impeded, delayed or frustrated in any material sense." Chawla v. Metropolitan Oral Surgery Associates, P.C., No. 11 CV 6248, 2014 WL 4678023 (E.D.N.Y. Sep. 19, 2014) (awarding sanctions to the deponent's attorney who abruptly terminated the deposition in violation of the court's prior scheduling order). No showing of bad faith is necessary to award sanctions under Rule 30(d)(2). Quinio v. Aala, No. 15 CV 4912, 2017 WL 8646668 (E.D.N.Y. Dec. 21, 2017).

The Advisory Committee Notes to Rule 30 explain that this sanction "may be imposed on a non-party witnesses as well as a party or attorney." See ADVISORY COMMITTEE NOTES TO 1993 AMENDMENTS. However, while courts within this district have awarded sanctions against attorneys for deposition misconduct pursuant to Rule 30(d)(2), see, e.g., Applebaum v. National Westminster Bank, No. 07 CV 916, 2011 WL 8771843, at *6 (E.D.N.Y. Oct. 5, 2011) (stating that "under Rule 30(d)(2), sanctions may be imposed *on an attorney* who 'impedes, delays, or

frustrates the fair examination of the deponent'") (citing Fed. R. Civ. P. 30(d)(2)) (emphasis added); Gavrity v. City of New York, 12 CV 6004, 2014 WL 4678027 (E.D.N.Y. Sep. 19, 2014), plaintiff's counsel has not cited any case within this district where a court awarded sanctions against a nonparty deponent under Rule 30(d)(2). Indeed, upon cursory review, this Court has located only a single instance when a district court has imposed sanctions on a deponent pursuant to Rule 30. See Antonino-Garcia v. Shadrin, 208 F.R.D. 298, 300 (D. Or. 2002) (granting a motion for sanctions against a nonparty deponent who, "consistent with [her] general unwillingness to cooperate with [the] court proceedings," refused to answer questions and allowed her sister to continuously interrupt the deposition).

Even if Rule 30(d)(2) were found to govern Ms. Rusinowski, the Court finds that under the circumstances here, Ms. Rusinowski's conduct did not rise to the level of misconduct that warrants the imposition of sanctions. Ms. Rusinowski was not represented by an attorney during her deposition, and while she explained her objections to answering certain categories of questions, she continued to participate in the deposition and answer other questions posed by counsel. Other than refusing to answer questions that she in good faith believed were improper, and may well have been in some instances, she did not materially impede her deposition or otherwise prevent a fair examination. Moreover, once this Court directed Ms. Rusinowski to appear for a second deposition, she did appear and she answered all of the questions posed to her. The Court finds that, particularly in light of her *pro se* status, Ms. Rusinowski's conduct did not rise to the level of impeding or frustrating the examination sufficient to award sanctions under Rule 30. See Cordero v. City of New York, No. 15 CV 3436, 2017 WL 2116699, at *6 (E.D.N.Y. May 12, 2017) (noting that courts in the Second Circuit "have declined to impose sanctions based solely on voluminous, unwarranted, and argumentative objections where

opposing counsel was not prevented from completing the deposition"); Gavrity v. City of New York, 2014 WL 4678027, at *10 (denying a motion for sanctions under Rule 30(d)(2) where counsel "continuously" objected).

Indeed, having now had the benefit of reviewing the entire transcript of the September 5, 2018 deposition, and having considered the arguments of plaintiff and the nonparty witness, the Court finds that the witness was not acting in bad faith in her belief that certain questions about her current finances and that of her husband were not at issue in this case and therefore not relevant. Despite plaintiff's attempts to name Ms. Rusinowski as a party defendant in this matter, the district court has twice held that the claims against her brought by plaintiff were not proper. Moreover, there is no dispute that Ms. Rusinowski appeared for her deposition without the benefit of counsel. Plaintiff's counsel objected to Mr. Ó Murchadha representing Ms. Rusinowski and, as she stated in her response to the motion for sanctions, she did not feel that it was necessary for her to hire a separate attorney simply for this deposition given that she was not a party to the case.

Perhaps more importantly, the fact that this deposition continued as long as it did after Ms. Rusinowski very clearly stated her understanding of the relevant time period and her refusal to answer questions beyond that period is due more to counsel's failure to contact this Court immediately at the start of the deposition and ask for a ruling on her objection. Unlike Ms. Rusinowski, who is not a lawyer and who is unfamiliar with the rules and procedures governing depositions, plaintiff's counsel is an experienced litigator and could have contacted the Court at any time if he desired a ruling on the witness's refusal to answer certain questions.[6] Instead,

---

[6] Indeed, the Individual Rules of the undersigned inform counsel dealing with a deposition dispute that "in the event a satisfactory resolution cannot be reached, the parties are directed to contact the Court immediately by telephone." (Individual Rules of Magistrate Judge

12

however, he continued to question her on these areas for pages of the transcript and is now seeking costs and fees for the time spent in doing so. Although the Court eventually directed the witness to answer the questions posed, upon a review of the entire transcript of the September deposition, the Court finds that many of the questions may have been asked for an improper purpose; had the Court been presented with the entire transcript at the time of its October ruling, it may have denied the plaintiff's motion to compel answers to certain questions about the witness's assets. As such, the Court denies plaintiff's motion for sanctions under Rule 30.

Accordingly, the Court concludes that there is no basis to award costs and fees based upon the witness's responses to the questions posed during the September deposition. Plaintiff's motion is denied.

B. Plaintiff's Motion for Sanctions Against Defendant

Plaintiff has filed a separate letter motion seeking sanctions and costs based on defendant's conduct during the settlement conference held before this Court on March 28, 2019. Following the filing of plaintiff's letter motion dated January 29, 2019, this Court held a settlement conference on March 28, 2019, and directed counsel for both parties to be present with clients. In his motion, plaintiff complains that defendant Stone represented to the Court at the conference that she did not have the resources to fund a settlement; that she was sustaining herself based on social security benefits and the assistance of her daughter. (Pl.'s April Ltr[7] at 1). Also at that time, counsel for defendant indicated that the defendant was unable to pay attorney's fees and that counsel was considering withdrawal from the case. (Id.) After the

---

Cheryl L. Pollak, available at https://img.nyed.uscourts.gov/rules/CLP-MLR.pdf).

[7] Citations to "Pl.'s April Ltr" refer to the letter motion filed by plaintiff, dated April 26, 2019, ECF No. 85.

conference, defendant's counsel submitted a letter to the district court seeking a pre-motion conference to address his proposed motion for summary judgment. (Id.)

In his April letter motion, plaintiff moves to include in his original sanctions motion against Ms. Rusinowski a claim for sanctions and costs against defendant and her counsel "for bending the truth beyond acceptable legal standards in that both Defendant and Mr. Ó Murchadha made knowingly false statements to the Court that needlessly wasted the time and resources of the Court and that of the Plaintiff, who is a medical doctor that traveled from his practice in Florida to attend the settlement conference." (Id. at 1-2). Plaintiff asserts that the "legal efforts and legal fees necessary in filing and arguing a motion for summary judgment" contradict defendant's claim that she lacked funds for a settlement. (Id. at 2).

On May 31, 2019, counsel for defendant submitted a letter in response,[8] noting that plaintiff's letter did not contain any specific false statements made by defendant or her counsel and that his motion was based on "an obviously invalid inference; a person can certainly both (a) lack funds and also (b) have an attorney willing to file a motion for summary judgment . . . without any assurance of being paid for that work." (Def.'s May Ltr at 1). Indeed, counsel indicates that his client currently owes his firm a substantial amount in fees, that he has not been paid "in years," and that nevertheless, the firm continues to represent her at this time. (Id.)

Defendant's counsel further notes that plaintiff has failed to cite any legal basis for this motion, noting that the case cited by defendant supports the proposition that sanctions for failure

---

[8] Counsel had originally submitted a one paragraph response, dated April 26, 2019, in which he accused plaintiff's counsel of engaging in "his increasing use of harassing personal attacks directed at me personally," and suggesting that the Court "ignore the whole thing." (Defendant's letter response dated April 26, 2019, ECF No. 86, at 1). The Court gave counsel additional time to submit a more complete response, which was filed on May 31, 2019, ECF No. 91 ("Def.'s May Ltr").

14

to participate in a settlement conference can not be imposed as long as the party acts in good faith and good faith has been narrowly defined. (Id. at 2 (citing Otto v. Hearst Communications, Inc., 17 CV 4712, 2019 WL 1034116 (S.D.N.Y. Feb. 21, 2019))). Here, counsel argues that a party cannot be forced to settle or negotiate in a manner that meets with the approval of the court or the adversary party. (Id.)

Defendant further argues that while courts have the inherent power to sanction a party for fraud on the court, such a sanction should not be imposed unless there is clear and convincing evidence that the party's actions were part of a "'deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly." (Id. at 6 (citing cases)). Since settlement conferences are not generally recorded, there is no record on which to find by clear and convincing evidence that counsel was intending to perpetrate a fraud on this Court. The Court was clearly present during the settlement conference and observed the conduct of both defendant and her counsel as well as that of plaintiff and his counsel. Even if Mr. Ó Murchadha had indicated that he was contemplating withdrawal from the action, that alone does not demonstrate that he was not being truthful simply because he continues with his representation.

Moreover, while plaintiff appears to be complaining that no settlement was reached and that counsel knew the defendant was unable to fund a settlement, there is nothing in the record before this Court that supports plaintiff's assertion that defendant's counsel's decision to continue representing his client despite nonpayment of his fees shows that he was making misstatements to the Court about the client's assets. Many attorneys continue to represent clients even after payments of fees have ceased and defendant's counsel has represented that this is the case here; despite not receiving fees for years, he has continued to appear and represent Ms. Stone in this action.

Under the circumstances and based on the Court's knowledge of the prior proceedings in the case, the Court denies plaintiff's motion to sanction the defendant and defendant's counsel for their conduct during the settlement conference.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      July 18, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York