UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
PAUL SCHMIDT, M.D.,

              Plaintiff,

    - against –                     **MEMORANDUM & ORDER**
                                          14-cv-2519 (RJD) (CLP)
ALICJA STONE-JOZWIAK,

              Defendant.
-------------------------------------------------------x

      Plaintiff Paul Schmidt, M.D. claims that Defendant Alicja Stone-Jozwiak violated her fiduciary duties to Astoria Medical, P.C. ("Astoria Medical") by mishandling Astoria Medical's revenue to her personal benefit. Schmidt, the legal owner and medical director of Astoria Medical, sues Stone-Jozwiak, Astoria Medical's "manager," directly in his capacity as an Astoria Medical officer under New York Business Corporation Law ("NY BCL") § 720. Stone-Jozwiak moves for partial summary judgment on two grounds. First, she argues that the three-year statute of limitations in NY CPLR § 214(2) bars claims "arising" more than three years before Schmidt filed suit. Second, she argues that the business judgment rule shields her conduct from judicial review, except for the transactions she identifies as "personal compensation." For the reasons set forth below, Stone-Jozwiak's motion is DENIED.

## BACKGROUND

      Astoria Medical is a New York professional services corporation in the business of providing medical services. Defendant's Rule 56.1 Statement Of Undisputed Facts ("Stone-Jozwiak Rule 56.1 Statement") ¶ 1-5.[1] Schmidt is currently Astoria Medical's sole owner and

---

[1] Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, both parties submitted statements of facts and responses. Each statement of fact in a Rule 56.1

medical director, but the parties dispute when Schmidt became Astoria Medical's medical director, when he became Astoria Medical's owner, and, significantly, when he first came to know he was Astoria Medical's owner. Declaration of Paul Schmidt, MD ("Schmidt Declaration") ¶ 5. Pursuant to NY BCL § 1507(a), as a professional services corporation providing medical services, Astoria Medical may only issue shares to "individuals who are authorized by law to practice" medicine in New York and who are or will be practicing medicine at Astoria Medical. Stone-Jozwiak is Astoria Medical's founder and served as its "manager" from its founding in 1997 until 2012 when Schmidt fired her. Stone-Jozwiak Rule 56.1 Statement ¶ 1, 3, 5. As "manager," Stone-Jozwiak was responsible for "maintaining [Astoria Medical's] facility in working order, scheduling, marketing, hiring and managing all personnel, client retention, procuring equipment and supplies, investing in and supervising work on leasehold improvements, accounting, and office duties." Id. at ¶ 12. In short, by her own admission, she had "complete responsibility for all financial matters" related to Astoria Medical. Id. at ¶ 6.

While she managed Astoria Medical, Stone-Jozwiak founded and owned Newtown Avenue Management, Inc. ("Newtown"). Stone-Jozwiak Rule 56.1 Statement ¶ 7. Pursuant to "agreements" between Astoria Medical and Newtown, Stone-Jozwiak routinely transferred all of Astoria Medical's revenue to Newtown and withdrew funds from Newtown to pay Astoria Medical's costs. Id. at ¶ 8; Stone-Jozwiak Declaration ¶ 5. Stone-Jozwiak also withdrew funds from Newtown to pay herself, which she calls her "Owner's Draw" or "W-2 compensation." Stone-Jozwiak Rule 56.1 Statement ¶ 13-24.

---

statement will be deemed admitted if the record supports it and the other party does not dispute it. See Local Rule 56.1(c).

2

Stone-Jozwiak submits Newtown's "Quickbook records" or "business records" from 2004 to 2012, which only list transactions between Newtown and Stone-Jozwiak. Stone-Jozwiak Declaration Ex. 15-23. In each year, Stone-Jozwiak's withdrawals from Newtown to herself exceed her deposits from her personal funds into Newtown. For example, in 2005, Stone-Jozwiak withdrew $112,303.20 and deposited $4,263.67, for a net outflow from Newtown to Stone-Jozwiak of $108,039.53. Stone-Jozwiak Declaration, Ex. 16.

It is undisputed that Stone-Jozwiak told Schmidt that Newtown "manage[d]" Astoria Medical's finances and that she drew her compensation out of the funds Newtown "manage[d]" for Astoria Medical. Stone-Jozwiak Rule 56.1 Statement ¶ 43-47. Schmidt alleges that Stone-Jozwiak used her "owner's draw" to pay her "personal expenses," or charged "many of her personal expenses on corporate credit cards." Plaintiff's Rule 56.1 Counter-Statement of Undisputed Facts ("Schmidt Rule 56.1 Statement") ¶ 17-18. Schmidt also claims that while Stone-Jozwiak took her "owner's draw," she let some Astoria Medical accounts and expenses incur interest or servicing fees, and justified her conduct with lies that painted a falsely negative picture of Astoria Medical's revenue and patient flow. Id. at ¶ 19. In response, Stone-Jozwiak "acknowledge[s] that [she] occasionally used Newtown credit cards for personal expenses," but claims that "all such expenditures were either recorded . . . as 'owner's draw' i.e. Defendant's compensation, or were repaid from Defendant's personal funds." Defendant's Responses To Plaintiff's Rule 56.1 Counter-Statement ("Stone-Jozwiak Rule 56.1 Response") ¶ 17. Stone-Jozwiak concludes that she appropriately compensated herself for the "approximately 40-50 hours per week" she spent "[m]anaging Astoria Medical and Newtown." Stone-Jozwiak Rule 56.1 Statement ¶ 12.

Schmidt filed the complaint on April 21, 2014, Dkt. 1, and amended it on June 6, 2014, Dkt. 11. The Amended Complaint named Stone-Jozwiak, Magdalena Rusinowski (Stone-Jozwiak's daughter and assistant at Astoria Medical), and Newtown as Defendants. The Court dismissed all claims for lack of standing except Schmidt's claim against Stone-Jozwiak for breach of fiduciary duty, which is permitted under NY BCL § 720, as both Schmidt and Stone-Jozwiak are Astoria Medical officers. Schmidt v. Stone-Jozwiak, 2014 WL 12814050 (E.D.N.Y. 2014). The sole remaining claim alleges that Stone-Jozwiak "misappropriat[ed]" Astoria Medical's assets, "divert[ed]" its assets to Newtown, and "convert[ed]" its assets to her personal use. Amended Complaint ¶ 61. Schmidt claims "damages in an amount in excess of $2.5 million," and seeks "an equitable accounting" of Astoria Medical's finances from "2004 until on or about June 29, 2012." Amended Complaint ¶ 62.

In 2017, Schmidt sought to amend the complaint again but his motion was denied in a Report & Recommendation from Chief Magistrate Judge Cheryl L. Pollak, adopted in full by this Court. Schmidt v. Stone, 2018 WL 4522082 (E.D.N.Y. 2018). Stone-Jozwiak now brings this motion for partial summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate where, on the record before the Court, there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As the moving party, Stone-Jozwiak bears the burden of establishing that "no genuine issue of material fact exists" when all evidence is viewed in the light most favorable to Schmidt. See Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d

Cir. 2002). Once the moving party meets its burden, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. See Spinelli v. City of New York, 579 F.3d 160, 166-67 (2d Cir. 2009).

NY BCL § 720 permits one corporate officer to sue another corporate officer

> to compel the defendant to account for [her] official conduct in the following cases: (A) The neglect of, or failure to perform, or other violation of [her] duties in the management and disposition of corporate assets committed to [her] charge. (B) The acquisition by [her]self, transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of his duties.

NY BCL § 720(a)(1)(A-B). "[NY BCL § 720] is broad and covers forms of waste of assets and violation of duty whether as a result of intention, negligence, or predatory acquisition." Rapoport v. Schneider, 29 N.Y.2d 396, 400 (N.Y. 1972). Its purpose "is to furnish a means of redressing the wrongful disposition of corporate assets by the corporation's officers and directors." Planned Consumer Marketing, Inc. v. Coats and Clark, Inc., 71 N.Y.2d 442, 451 (N.Y. 1988). Though NY BCL § 720 permits one officer to sue another directly, officers sue "as a representative" of the corporation, and the "cause of action and right of recovery actually belong to the corporation." Conant v. Schnall, 33 A.D.2d 326, 238 (3d Dept. 1970); see Rapoport, 29 N.Y.2d at 401 (noting, in action brought pursuant to NY BCL § 720, "any benefit derived from this action would accrue to the corporation").

## DISCUSSION

### I. Statute of Limitations

Stone-Jozwiak first seeks summary judgment on all claims "arising before April 21, 2011," the date three years prior to Schmidt filing the initial complaint. As Stone-Jozwiak sees it, the three-year statute of limitations in NY CPLR § 214(2) for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute" governs, and the statute of

5

limitations never tolled.  Schmidt counters that the six-year statute of limitations in NY CPLR § 213(7) for "an action by or on behalf of a corporation against a . . . former . . . officer . . . to recover damages for waste or for an injury to property or for an accounting in conjunction therewith" controls.  Alternatively, he argues that whether Stone-Jozwiak is equitably estopped from asserting a statute of limitations defense remains a genuine issue of material fact.

A. **Applicable Statute of Limitations**

To find the applicable statute of limitations, the Court must "look to the essence of [Schmidt's] claim and not to the form in which it is pleaded."  See State v. Cortelle Corp., 38 N.Y.2d 83, 86 (N.Y. 1975); IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 140 (N.Y. 2009).  Schmidt alleges that Stone-Jozwiak breached her fiduciary duties to Astoria Medical by using its revenue to pay her personal expenses, leaving some of Astoria Medical's costs unpaid, letting some of Astoria Medical's accounts incur service fees and interest, and lying to Schmidt about Astoria Medical's financial well-being.  Thus, the Court applies the New York statute of limitations for breach of fiduciary duty claims.

For a breach of fiduciary duty claim, "the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks."  See IDT Corp., 12 N.Y.3d at 139; Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc., 157 F.3d 933, 942 (2d Cir. 1998).  Schmidt seeks an equitable remedy of accounting and a legal remedy of damages.  In such mixed remedy cases, the remedy Schmidt "primarily seeks" directs the Court to the appropriate statute of limitations.  See IDT Corp., 12 N.Y.3d at 139-40.  Though an accounting must precede a damages award, Schmidt's suit is primarily to recover damages from Stone-Jozwiak's alleged misappropriation of Astoria Medical's revenue.

New York courts have construed breach of fiduciary duty claims seeking damages as alleging "injuries to property" governed by the three-year statute of limitations in NY CPLR § 214(4) for "an action to recover damages for an injury to property." See Whitney Holdings, Ltd. v. Givotovsky, 988 F.Supp. 732, 741, n. 57 (S.D.N.Y. 1997) (collecting cases). But NY CPLR § 213(7) extends the limitations period for claims involving injury to property to six years for "an action by or on behalf of a corporation against a . . . former . . . officer . . . to recover damages for waste or for an injury to property or for an accounting in conjunction therewith."

This suit satisfies the criteria for applying NY CPLR § 213(7). Schmidt sues "on behalf of" Astoria Medical as its representative alleging an unlawful scheme directed at Astoria Medical by an officer who owed a fiduciary duty to Astoria Medical, and any remedies he wins would accrue to Astoria Medical. See Abrams v. Donati, 66 N.Y.2d 951, 953 (N.Y. 1985) ("[A]llegations of mismanagement or diversion of assets by officers or directors to their own enrichment . . . plead a wrong to the corporation only."); Tenney v. Rosenthal, 6 N.Y.2d 204, 208-09 (N.Y. 1959) (holding that a cause of action for breach of fiduciary duty brought "within the scope of [the predecessor statutes to NY BCL § 720]" asserts "the right of the corporation," and is prosecuted by the plaintiff "for the benefit of the corporation"). And there is no dispute that Stone-Jozwiak, is "a . . . former . . . officer" of Astoria Medical, and no dispute that Schmidt seeks to "recover damages for waste or for an injury to property or for an accounting in conjunction therewith." See NY CPLR § 213(7). Accordingly, this suit is governed by the six-year statute of limitations in NY CPLR § 213(7).

Stone-Jozwiak's arguments for applying the three-year statute of limitations in NY CPLR § 214(2) are unavailing. First, she argues that this action "arises 'by statute,'" thereby triggering the three-year limitations period in § 214(2). But § 214(2) "only governs liabilities which would

7

not exist but for a statute." Aetna Life & Casualty Co. v. Nelson, 67 N.Y.2d 169, 174 (N.Y. 1986); see Banca Commerciale Italiana, New York Branch v. Northern Trust Intern. Banking Corp., 160 F.3d 90, 94 (2d Cir. 1998) ("For a claim to fall within the confines of CPLR § 214(2), the statute must impose a liability for wrongs not recognized in the common or decisional law."). It "does not apply to liabilities existing at common law which have been recognized or implemented by statute." Aetna Life, 67 N.Y.2d at 174. Nor does it apply just because the statute "limit[s] or broaden[s] the remedy" or "define[s] its exercise and by whom." See State v. Cortelle Corp., 38 N.Y.2d 83, 88 (N.Y. 1975).

Here, Stone-Jozwiak's potential liability for breaching her fiduciary duty to Astoria Medical existed at common law well before enactment of NY BCL § 720 and its predecessors. See In re Argo Communications Corp., 134 B.R. 776, 788 (S.D.N.Y. Bankruptcy 1991) ("A cause of action for breach of fiduciary duty existed long before New York adopted . . . the predecessor[s] of today's BCL."). NY BCL § 720 operates only to permit Schmidt to sue Stone-Jozwiak directly in his capacity as an Astoria Medical officer instead of derivatively as a shareholder. See Tenney, 6 N.Y.2d at 209 (holding that a corporate director "had the legal capacity" to directly sue a fellow director "by virtue of" the predecessor statutes to NY BCL § 720); Katz v. Braz, 188 Misc. 581, 583 (N.Y. Sup. Ct. 1946), aff'd 271 A.D. 970, (holding that but for the predecessor statutes to NY BCL § 720, "a director attempting to assert [a cause of action for official misconduct] would be subject to the rules applicable to suits by stockholders suing in the right of the corporation"). This suit therefore falls outside the ambit of § 214(2).

Second, Stone-Jozwiak contends that Chief Magistrate Judge Pollack's Report & Recommendation held that NY CPLR § 214(2) controls Schmidt's claims, making it the law of the case. The Court disagrees. "The law of the case doctrine posits that when a court decides

8

upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." See Pescatore v. Pan American World Airways, Inc., 97 F.3d 1, 7-8 (2d Cir. 1996) (internal citations omitted). The Report & Recommendation denied Schmidt leave to file a second amended complaint on the grounds of futility, delay, and prejudice. See Schmidt v. Stone, 2018 WL 4522082, at * 11 (E.D.N.Y 2018). Stone-Jozwiak identifies dicta in the Report & Recommendation stating that the three-year statute of limitations in NY CPLR § 214(2) is "applicable to claims brought under BCL § 720." See id. But this statement was offered only in the context of the added observation of Stone-Jozwiak's argument that the prospective claims against an additional defendant were likely time-barred. It does not pertain to the specific issue now before the Court, that is, which statute of limitations applies to the remaining claim against Stone-Jozwiak. The three-year statute of limitations in NY CPLR § 214(2) is therefore not the law of the case.

**B.      Accrual Rule**

Schmidt's breach of fiduciary duty claim would ordinarily accrue upon the alleged breach. See Whitney Holdings, Ltd. v. Givotovsky, 988 F.Supp. 732, 744 (S.D.N.Y. 1997). However, for breach of fiduciary duty actions "based upon fraud," the ordinary accrual rule is modified by the discovery accrual rule in NY CPLR § 213(8). The discovery accrual rule states that the statute of limitations expires after "six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it," whichever is later. See IDT Corp., 12 N.Y.3d at 139. A fiduciary duty claim is "based upon fraud" for purposes of § 213(8) where the allegation is for "actual fraud" that is "essential" rather than "incidental" to the breach of fiduciary duty claim. See Whitney Holdings, Ltd., 988 F.Supp. at 744-45; Kaufman v. Cohen, 307 A.D.2d 113, 120 (1st Dep't. 2003).

9

Schmidt alleges that Stone-Jozwiak affirmatively misrepresented Astoria Medical's financial condition to hide her misappropriation of Astoria Medical's revenue. Stone-Jozwiak's fiduciary duty required her to honestly disclose Astoria Medical's financial condition to Schmidt, and her failure to do so through affirmative misrepresentations shows could indicate that she possessed the required "intent to deceive" that raises the allegations against her to "actual fraud." See Neogenix Oncology, Inc. v. Gordon, 133 F.Supp.3d 539, 552 (E.D.N.Y. 2015) (holding that "actual fraud" may be pled by adequately alleging that a fiduciary "fail[ed] to disclose facts which one is required to disclose," and that "the fiduciary possesses the requisite intent to deceive") (citing Kaufman, 307 A.D.2d at 120). The Court also finds that Stone-Jozwiak's alleged misrepresentations are "essential" to the breach of fiduciary duty claim because they furthered her alleged scheme but remained distinct from the underlying alleged mishandling of Astoria Medical's revenue. Compare Kaufman, 307 A.D.2d 113 (holding that misrepresentations by one business partner to other partners about the value of a business interest was "essential" to completing the underlying misappropriation of a business opportunity), with Spinnato v. Unity of Omaha Life Insurance Co., 322 F.Supp.3d 377, 397 (E.D.N.Y. 2018) (holding that a fraud claim was not "essential" to a breach of fiduciary duty claim where the same conduct formed the basis of both the fraud and breach of fiduciary duty claims). Schmidt therefore receives the benefit of the discovery accrual rule in § 213(8).

C.  **Statute of Limitations Expiration Date**

The facts, however, remain too unsettled for the Court to determine as a matter of law which date is later: six years after Stone-Jozwiak's conduct or two years after Schmidt's constructive discovery of Stone-Jozwiak's conduct.[2] Schmidt admits to first having unspecified

---

[2] Constructive discovery occurs when "a person of ordinary intelligence possesse[s] knowledge of facts from which the fraud could be reasonably inferred." See Kaufman, 307 A.D.2d at 123.

10

concerns about Astoria Medical's finances and Stone-Jozwiak's candor around 2005. But "mere suspicions" of improper conduct are generally insufficient to support holding that constructive discovery occurred and the description of Schmidt's suspicions is dated too imprecisely. See Sargiss v. Magarelli, 12 N.Y.3d 527, 532 (N.Y. 2009). Schmidt also admits that conversations in "2009, 2010, [and] 2011" with Astoria Medical physical therapist Beata Kopinska began to shed light on Astoria Medical's actual financial well-being. Schmidt Deposition at 75:13-76:7, 124:2-25. But the Court does not know precisely what Kopinska told Schmidt nor when the two spoke to each other. On such vague descriptions, the Court cannot determine whether or when Schmidt's knowledge amounted to constructive discovery of Stone-Jozwiak's alleged conduct. Accordingly, summary judgment on statute of limitations grounds is inappropriate.

### D.     Equitable Estoppel

Whether Stone-Jozwiak is equitably estopped from making a statute of limitations defense also raises questions of fact that remain in dispute. Stone-Jozwiak would be equitably estopped from raising a statute of limitations defense if her "affirmative wrongdoing"—here, concealing Astoria Medical's true financial condition—"produced" the untimely filing of Schmidt's claim. See Zumpano v. Quinn, 6 N.Y.3d 666, 673 (N.Y. 2006) (citing General Stencils v. Chiappa, 18 N.Y.2d 125, 128 (N.Y. 1966)). The wrongdoing supporting equitable estoppel must be different from and must have occurred "subsequent" to the conduct giving rise to Schmidt's underlying claim. See Zumpano, 6 N.Y.3d at 674. And even if Stone-Jozwiak's conduct "produced" the untimely filing of Schmidt's claim, to equitably estopped Stone-Jozwiak from making a statute of limitations defense, Schmidt would have had to show "due diligence in ascertaining the facts," if a reasonable person in his position would have inquired further. See Clark v. Ravikuma, 90 A.D.3d 971, 972 (2d Dep't 2011).

The Court cannot rule as a matter of law whether Stone-Jozwiak is equitably estopped from raising a statute of limitations defense. The facts regarding when and to what degree Stone-Jozwiak concealed her conduct, and whether Schmidt's knowledge triggered a duty to inquire further remain too unsettled for summary disposition.

## II. Business Judgment Rule

Stone-Jozwiak also seeks partial summary judgment under the business judgment rule. The business judgment rule provides that "where corporate officers or directors exercise unbiased judgment in determining that certain actions will promote the corporation's interests, courts will defer to those determinations if they are made in good faith." In re Kenneth Cole Productions, Inc., 27 N.Y.3d 268, 274 (N.Y. 2016). But "it is black-letter, settled law that when a corporate director or officer has an interest in a decision, the business judgment rule does not apply." In re Croton River Club, Inc., 52 F.3d 41, 44 (2d Cir. 1995).

Stone-Jozwiak argues that the business judgment rule bars judicial inquiry into all her acts except the transactions she characterizes as "personal compensation." But this argument ignores Stone-Jozwiak's interest as the sole owner of Newtown. Every time she caused Astoria Medical's revenue to be transferred to Newtown; executed a payment from Newtown for an Astoria Medical expense; or decided to pay a minimum of, delay paying, or not pay an Astoria Medical expense out of Newtown's coffers, Stone-Jozwiak implicated her second interest as Newtown's owner. With Stone-Jozwiak's admission that she routinely transferred all of Astoria Medical's revenue to Newtown and paid (or did not pay, as the case may be) all of Astoria Medical's expenses out of Newtown, she strips herself of the protection of the business judgment rule for all the conduct in question. See Stone-Jozwiak Declaration ¶ 5; Stone-Jozwiak Rule

56.1 Statement ¶ 8. Accordingly, her motion for summary judgment on business judgment rule grounds is DENIED.

## III.    Conclusion

Stone-Jozwiak's motion for partial summary judgment is DENIED.

SO ORDERED.

Dated: March 23, 2020
Brooklyn, NY

/s/ Raymond J. Dearie
Raymond J. Dearie
United States District Judge