```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
PAUL SCHMIDT, M.D.,                              :
                                                 :
                          Plaintiff,             :          FINDINGS OF FACT AND
                                                 :          CONCLUSIONS OF LAW
        -against-                                :
                                                 :          No. 14-CV-2519-JRC
ALICJA STONE,                                    :
                                                 :
                          Defendant.             :
                                                 :
------------------------------------------------------------------ x
```

JAMES R. CHO, United States Magistrate Judge:

### Introduction

Plaintiff Paul Schmidt, M.D. ("Schmidt" or "Plaintiff"), commenced this action against Defendant Alicja Stone ("Stone" or "Defendant") alleging violations of the New York Business Corporation Law ("N.Y. Bus. Corp.") in connection with her roles and responsibilities relating to Astoria Medical, P.C. ("Astoria Medical").

The Court held a bench trial from October 17, 2022 through October 19, 2022. *See* Minute Entries dated 10/17/2022, 10/18/2022, 10/19/2022. The Court received additional evidence and concluded the bench trial on December 2, 2022. *See* Order dated 12/2/2022. On December 16, 2022, the parties filed their post-trial proposed findings of fact and conclusions of law. *See* Proposed Findings of Fact by Paul Schmidt, M.D. ("Pl. Post-Trial Br."), Dkt. 158, and Supporting Memorandum, Dkt. 158-2; Proposed Findings of Fact by Alicja Stone ("Def. Post-Trial Br."), Dkt. 156, and Supporting Memorandum, Dkt. 155.

Now pending before the Court are: (1) the merits of Plaintiff's claim for breach of fiduciary duty pursuant to N.Y. Bus. Corp. § 720; (2) Defendant's motion pursuant to Rule 52(c) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint in its entirety, Dkt. 152;

and (3) Plaintiff's motion pursuant to Rule 15(b) to amend his pleadings in accordance with issues consented to be tried at trial, Dkt. 160.

For the reasons set forth below, this Court does not find Defendant liable for any wrongdoing pursuant to N.Y. Bus. Corp. § 720. This Court concludes that Plaintiff failed to produce at trial sufficient evidence to credibly establish his claim for breach of fiduciary duty pursuant to N.Y. Bus. Corp. § 720. In light of this finding, the Court deems Defendant's Rule 52(c) motion to dismiss as moot. Finally, the Court denies Plaintiff's motion to amend his pleadings pursuant to Rule 15(b) as futile.

The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. To the extent that any factual finding constitutes a legal conclusion, it is deemed a legal conclusion, and vice versa.

## Findings of Fact

### A. Procedural History

On April 21, 2014, Plaintiff commenced this action against Defendant, Dkt. 1, and on June 6, 2014, amended his complaint, Dkt. 11 ("Am. Compl."). The Amended Complaint named Stone among other defendants. *Id.* On November 21, 2014, District Judge Raymond J. Dearie dismissed all claims for lack of standing, except Plaintiff's claim against Defendant for breach of fiduciary duty pursuant to N.Y. Bus. Corp. § 720. *See* Dkt. 21.

On May 25, 2017, Plaintiff once again sought to amend his complaint, Dkt. 56, but his motion was denied in a Report and Recommendation from Magistrate Judge Cheryl L. Pollak, Dkt. 61, which was adopted in full by Judge Dearie, *see* Order dated 3/16/2018. On August 30, 2019, Defendant brought a motion for partial summary judgment, Dkt. 104, but her motion was denied, *see* Dkt. 119.

The sole remaining claim in this action alleges that, pursuant to N.Y. Bus. Corp. § 720, Defendant "misappropriat[ed]" Astoria Medical's assets, "divert[ed]" its assets to Newtown, and "convert[ed]" its assets to her personal use. Am. Compl. ¶ 61. Plaintiff claims "damages in an amount in excess of $2.5 million" and seeks "an equitable accounting" of Astoria Medical's finances from "2004 until on or about June 29, 2012." *Id.* ¶ 62. This was the only claim adjudicated before the Court in a bench trial held between October 17, 2022 and October 19, 2022.

On November 16, 2022, Defendant renewed her motion pursuant to Rule 52(c) for entry of judgment as a matter of law dismissing Plaintiff's Amended Complaint. *See* Dkt. 152. Defendant argues that admissions made during the course of the trial were grounds for dismissal of Plaintiff's only remaining claim. *Id.* Specifically, the motion claims that admissions at trial revealed the following:

> [1] Defendant was never an officer, director or shareholder of Astoria Medical within the meaning of N.Y. [Bus. Corp. §] 720 because she was never a licensed medical professional qualified and eligible as a matter of law to hold those positions or serve in those capacities pursuant to N.Y. [Bus. Corp. §§] 1507 and 1508; [2] [D]efendant was never appointed as an officer or director of Astoria Medical pursuant to N.Y. [Bus. Corp. §] 715; [3] [P]laintiff conceded that defendant was never qualified or eligible under New York law to be an officer, director or shareholder of Astoria Medical; and [4] Plaintiff admitted during his cross-examination that, based on the knowledge and experience he obtained in connection with his own professional medical corporation in Yonkers, he knew and understood that Defendant was always ineligible and unqualified to serve as a shareholder, officer or director of a professional medical corporation such as Astoria Medical because she was not a licensed medical professional.

*Id.*

Finally, on January 3, 2023, Plaintiff moved pursuant to Rule 15(b) of the Federal Rules of Civil Procedure to amend his pleadings after trial with regard to any issue tried by the parties' express or implied consent in the course of the bench trial held before this Court. *See* Dkt. 160.

3

Having heard testimony from Plaintiff and Defendant, and having reviewed the designated portions of the transcript of Magdalena Rusinowski's deposition testimony, Dkt. 150, the Court makes the following factual and credibility determinations as set forth below.

### B.   The Parties and Astoria Medical

Astoria Medical is a New York professional services corporation in the business of providing physical therapy services.  Revised Statement of Stipulated Facts ("Revised Stipulated Facts"), Dkt. 146 ¶ 2; Tr., 10/18/2022 at 183:7-17 (parties confirmed agreement on the stipulated facts).  For an extended period, Plaintiff served as Astoria Medical's sole owner and medical director.  Tr., 10/17/2022 at 33:1-4, 34:22-25.  Plaintiff claims he first learned he was Astoria Medical's owner in 2012, which Defendant disputes.  *See id.* at 34:22-25, 10/18/2022 at 176:12-177:10; Pl. Post-Trial Br. at 4.

Pursuant to N.Y. Bus. Corp. § 1507(a), as a professional services corporation providing medical services, Astoria Medical may only issue shares to "individuals who are authorized by law to practice" medicine in New York and who are or will be practicing medicine at Astoria Medical.  *See* Tr., 10/18/2022 at 187:20-23; Def. Post-Trial Br., Dkt. 156 ¶ 6; *see also* N.Y. Bus. Corp. § 1508(a).

Defendant was a founder of Astoria Medical and served as its manager from its incorporation in 1997 until she was fired by Plaintiff in 2012.  Def. Post-Trial Br., Dkt. 156 ¶ 26; *see also* Tr., 10/18/2022 at 143:9-22, 185:4-186:13.  As manager, Defendant was responsible for "maintaining [Astoria Medical's] facility in working order, scheduling, marketing, hiring and managing all personnel, client retention, procuring equipment and supplies, investing in and supervising work on leasehold improvements, accounting, and office duties."  Def. Post-Trial Br., Dkt. 156 ¶ 39; *see also* Tr., 10/18/2022 at 199:2-200:6.  In short, Defendant had "complete

4

responsibility" for all financial matters related to Astoria Medical.  Pl. Post-Trial Br., Dkt. 158 at 3.

Defendant also founded and owned Newtown Avenue Management, Inc. ("Newtown") to manage the affairs of Astoria Medical.  *See* Tr., 10/18/2022 at 134:22-135:1, 218:14-15.  Pursuant to the management relationship between Astoria Medical and Newtown, Defendant routinely transferred all of Astoria Medical's revenue to Newtown and withdrew funds from Newtown to pay Astoria Medical's costs.  Tr., 10/18/2022 at 228:13-18; Def. Post-Trial Br., Dkt. 156 ¶ 27.

Defendant also withdrew funds from Newtown to pay herself and charged corporate credit cards for certain expenses, which she refers to as her "owner's draw."  Tr., 10/18/2022 at 265:4-266:14.  Through Newtown, Defendant also rented the premises to Astoria Medical and other subtenants, including a psychologist named Dr. Scott Vaughn.  Tr., 10/18/2022 at 195:22-196:21, 200:13-21.

Plaintiff alleges that Defendant used her owner's draw to pay her personal expenses or otherwise charged personal expenses on corporate credit cards.  Pl. Post-Trial Br., Dkt. 158 at 6–8.  Plaintiff claims that while Defendant took her owner's draw, she let some Astoria Medical accounts and expenses incur interest or servicing fees and thereafter justified her conduct with lies that painted a falsely negative picture of Astoria Medical's revenue and patient flow.  *See id.*  Defendant maintains that she appropriately compensated herself for the "approximately 40-50 hours per week" she spent "[m]anaging Astoria Medical and Newtown."  Def. Post-Trial Br., Dkt. 156 ¶¶ 39, 70–72.

## Conclusions of Law

### A.  Legal Standard

#### 1.  Burden of Proof

"In a civil case, the plaintiff bears the burden of proving the elements of his claim by a preponderance of the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true." *Brown v. Lindsay*, Nos. 08-CV-351, 08-CV-2182, 2010 WL 1049571, at *12 (E.D.N.Y. Mar. 19, 2010) (citation omitted).  "Under the preponderance of the evidence standard, if the evidence is evenly balanced, the party with the burden of proof loses." *Richardson v. Merritt*, No. 12-CV-5753, 2014 WL 2566904, at *5 (E.D.N.Y. June 4, 2014).  "[I]f the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then the plaintiff has failed to meet his burden." *Cellco P'ship v. City of Rochester*, No. 19-CV-6583, --- F. Supp. 3d ----, 2024 WL 805640, at *5 (W.D.N.Y. Feb. 27, 2024).

#### 2.  New York Business Corporation Law § 720

Plaintiff brings his claims under N.Y. Bus. Corp. Section 720.  Section 720 permits one corporate officer to sue another corporate officer to compel the defendant to account for her official conduct in the following cases:  "(A) The neglect of, or failure to perform, or other violation of [her] duties in the management and disposition of corporate assets committed to [her] charge"; or "(B) The acquisition by [her]self, transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of [her] duties."  N.Y. Bus. Corp. § 720(a)(1)(A)-(B).  Accordingly, Plaintiff must establish—by a preponderance of the evidence—that his claim for breach of fiduciary duty pursuant to N.Y. Bus. Corp. § 720 is more likely true than not true.

"[N.Y. Bus. Corp. § 720] is broad and covers every form of waste of assets and violation of duty whether as a result of intention, negligence, or predatory acquisition." *Rapoport v. Schneider*, 29 N.Y.2d 396, 400 (N.Y. 1972). Its purpose "is to furnish a means of redressing the wrongful disposition of corporate assets by the corporation's officers and directors." *Planned Consumer Marketing, Inc. v. Coats and Clark, Inc.*, 71 N.Y.2d 442, 451 (N.Y. 1988). Though N.Y. Bus. Corp. § 720 permits one officer to sue another directly, officers sue "as a representative" of the corporation, and the "cause of action and right of recovery actually belong to the corporation." *Conant v. Schnall*, 307 N.Y.S.2d 902, 904 (3d Dep't 1970); see *Rapoport*, 29 N.Y.2d at 401 (noting, in action brought pursuant to N.Y. Bus. Corp. § 720, "any benefit derived from this action would accrue to the corporation").

## B. Plaintiff has failed to establish a breach of fiduciary duty

The only remaining claim in this case is Plaintiff's allegation that Defendant breached her fiduciary duty pursuant to N.Y. Bus. Corp. § 720. Any allegations of misconduct or wrongdoing distinct from the statutory prohibitions set out by N.Y. Bus. Corp. § 720 are not before this Court. Judge Dearie previously dismissed all other claims in this case. *See* Dkt. 21.

As noted above, in a civil case, the plaintiff has the burden of proving his claims by a preponderance of the evidence. Further, the District Court, in a bench trial, is charged as a factfinder in determining the credibility of witness statements presented to establish elements of the alleged violation of law. In doing so, the District Court is afforded "strong deference [with regard to] its credibility determinations. *See, e.g., United States v. Farnham*, 834 F. App'x 679, 680 (2d Cir. 2021) (quoting *United States v. Carlton*, 442 F.3d 802, 811 (2d Cir. 2006)). Here, the Court finds that Plaintiff failed to present credible evidence sufficient to establish a violation of N.Y. Bus. Corp. § 720.

7

To succeed on his Section 720 claim, Plaintiff must prove, by a preponderance of the evidence, that Defendant, in her official capacity as an officer or director, "neglect[ed] [] or fail[ed] to preform" her duties in the management and disposition of corporate assets committed to her charge; or that Defendant acquired by herself, transferred to others, lost, or wasted corporate assets due to any neglect or failure to perform her duties.  N.Y. Bus. Corp. § 720(a)(1)(A)–(B).

Foremost, Plaintiff concedes that Defendant, at no time, was in a position to be acting in her official capacity as an officer or director.  Plaintiff stated that based on the knowledge and experience he had obtained from forming his own professional medical corporation in Yonkers, he knew and understood that under New York law, only a *licensed medical professional* was eligible and qualified to serve as a shareholder, officer, or director of a professional medical corporation such as Astoria Medical.  Tr., 10/18/2022 at 123:4–124:7.  He also understood, at the time that he became involved with Astoria Medical, that Defendant was *not* a licensed medical professional, who was ever eligible and qualified to serve as a shareholder, officer, or director of Astoria Medical.  *Id.* at 124:8–10.

Plaintiff also stipulated that "no stockholder meetings or directors meeting of Astoria Medical were held nor any Board of Directors selected from 1998 until Astoria Medical ceased doing business."  *Id.* at 145:13–15.  As such, there would have been no opportunity for Defendant to be elected as a board member of Astoria Medical to engage in "official conduct" as an officer or director under N.Y. Bus. Corp. § 720.

In addition, Plaintiff has failed to present sufficient credible evidence that wrongdoing occurred under Section 720.  Plaintiff instead appears to attempt to prove that Defendant engaged in negligent or fraudulent conduct.  However, no claim for fraud or general negligence

8

remains in this case.  *See* Dkt. 21.

While Plaintiff alleges that Defendant misappropriated funds resulting in unjust enrichment and excessive pay, Plaintiff conceded that Defendant's compensation from Newtown, in the form of an owner's draw, was appropriate in light of the services she rendered on behalf of Astoria Medical.  Defendant represented, and Plaintiff accepted as true, that she spent approximately 40 to 50 hours per week performing duties for Astoria Medical, which included maintaining the facility in working order, scheduling, marketing, hiring and managing all personnel, client retention, procuring equipment and supplies, investing in and supervising work on leasehold improvements, accounting and office duties.  Defendant also provided physical therapy services when needed.  Tr., 10/18/2022 at 160:10–18.

Income from Astoria Medical was subsequently transferred to Newtown, and Defendant withdrew an "owner's draw" as her income for these services.  *Id*. at 265:4-266:14.  Defendant alleges that over the course of eight years, Defendant withdrew approximately $412,000 dollars as an owner's draw from Newtown, amounting to approximately $51,500 in income on average per year.  *Id* at 160:22–24.  Further, even Plaintiff concedes that this level of compensation was "about right" when asked whether this compensation was "fair and reasonable" in light of the services provided by Defendant.  *Id*. at 161:1–10.  These numbers are supported by the documentary evidence put forth by both Plaintiff and Defendant.  The Court credits Defendant's testimony.  As a result, Plaintiff makes no credible argument that Defendant was unjustly enriched as a result of her actions.

Further, Newtown received funds from multiple sources, and Plaintiff makes no credible showing to disentangle the funds paid to Newtown by Astoria Medical from those funds paid to Newtown by other tenants sub-leasing office space from Newtown.  Several other tenants,

including Dr. Scott Vaughn, paid rent to Newtown to sublease office space for approximately 10 years.  Tr., 10/18/2022 at 195:22–196:8.  This sub-rental income, which may have amounted to approximately $36,000 per year from a single tenant, was paid to Newtown.  *See id.* at 195:22–196:21, 200:13–201:16.  Further, funds used to pay for Defendant's personal expenses (*i.e.*, credit card charges) may have originated from sources other than from Astoria Medical.  Specifically, with respect to the source of funds Defendant withdrew as an owner's draw, no credible argument was presented that established whether those funds originated as payment for services rendered to Astoria Medical or rental income received from sub-tenants of the basement office.  In light of these facts, the Court cannot conclude that Defendant breached her fiduciary duty pursuant to N.Y. Bus. Corp. § 720.

      **C.**     **Defendant's Rule 52(c) motion is denied as moot**

On October 18, 2022, Defendant moved pursuant to Rule 52, for the Court to draw a legal conclusion finding that Plaintiff lacks standing to sue Defendant pursuant to N.Y. Bus. Corp. § 720.  *See* Minute Entry dated 10/18/2022.  On November 16, 2022, Defendant renewed her motion pursuant to Rule 52(c).  *See* Dkt. 152.  Defendant argues that as a matter of law, Plaintiff cannot sue Defendant pursuant to N.Y. Bus. Corp. § 720 because Defendant was not properly an officer or director of Astoria Medical.  *See id.*

Defendant argues that because she has no legal authorization to practice medicine in New York, she cannot be sued under the statute.  *See id.*  As discussed above, the New York Business Corporation Law requires that as a professional services corporation providing medical services, "[n]o individual may be a director or officer of a professional service corporation unless he is authorized by law to practice in this state a profession which such corporation is authorized to practice and is either a shareholder of such corporation or engaged in the practice of his

10

profession in such corporation." N.Y. Bus. Corp. § 1508(a).

However, both Plaintiff and Defendant presented evidence before this Court to indicate that, whether properly or otherwise, Defendant held herself out as an officer of Astoria Medical in financial and tax documents on several occasions throughout the eight-year period at issue. *See generally*, *e.g.,* Dkts. 139-14, 139-15, 139-16.

It is clear to the Court, and the parties agree, that Defendant's positioning as an officer of Astoria Medical on tax documents was improper. As previously explained, Plaintiff was fully aware at the time he became involved with Astoria Medical that Defendant was not a licensed medical professional. He was further aware that Defendant, therefore, was not legally permitted to hold the positions of officer, director, or shareholder of Astoria Medical pursuant to N.Y. Bus. Corp. §§ 1507-1508.

Even if Defendant were properly an officer, director, or shareholder of Astoria Medical (or a *de facto* officer as Plaintiff argues, Dkt. 162), as noted above, Plaintiff failed to present sufficient credible evidence of Defendant's wrongdoing under N.Y. Bus. Corp. § 720. Accordingly, Defendant's Rule 52 motion is denied as moot.

### D. The Court denies Plaintiff's Rule 15(b) motion

Finally, Plaintiff moves pursuant to Rule 15(b)(2) of the Federal Rules of Civil Procedure to amend his pleadings after trial with regard to any issue tried by the parties' express or implied consent in the course of the trial. Dkt. 160. Rule 15(b)(2) states that:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).

11

A motion to amend pursuant to Rule 15(b)(2) may properly be denied, however, when amendment would be futile. *See, e.g., MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962-63 (2d Cir. 1998) (*per curiam*); *see also Straight-Out Promotions, LLC v. Warren*, 467 B.R. 684, 691 (S.D.N.Y. 2012) (Court may consider several relevant factors in determining whether to grant or deny, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."), *aff'd sub nom. In re Tyson*, 511 F. App'x 120 (2d Cir. 2013). Courts review denial of a Rule 15(b)(2) motion for abuse of discretion. *MacDraw, Inc.*, 157 F.3d at 962.

Plaintiff seeks to amend the pleadings to add two "allegations of legal liability." Dkt. 160 at 1. Specifically, Plaintiff alleges that (1) Defendant, even if not found an officer of Astoria Medical, knowingly "misappropriated" funds "for her personal use and benefit," and (2) Defendant acted as the "*de facto* President of Astoria Medical." Dkt. 160 at 1-2. Whether the Court deems Defendant an "officer" of Astoria Medical or not, for the reasons stated above, Plaintiff has failed to establish that Defendant engaged in any wrongdoing or misappropriated funds. Any amendment to Plaintiff's pleadings would be futile, and the Court denies Plaintiff's motion to amend.

**Conclusion**

For the reasons stated herein, the Court does not find Defendant liable for any breach of fiduciary duty pursuant to N.Y. Bus. Corp. § 720.  The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

**SO ORDERED**

Dated: Brooklyn, New York
March 29, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge
